**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Criminal No. 24-CR-566 (CKK)** |
| **v.** | **:** | |
| | **:** | |
| **RICHARD GRAHAM FOOTE** | **:** | |
| **O'DONOGHUE (also known as** | **:** | |
| **GRAHAM O'DONOGHUE),** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION**
**TO DISMISS COUNTS 1-8 FOR LACK OF VENUE**

The United States, by and through the undersigned attorneys, makes this filing to oppose

Defendant's motion to dismiss the first eight counts of the indictment for lack of venue. For several

reasons, Defendant's motion should be denied. As to the tax evasion counts, there are two different

bases providing venue in this District: venue is properly in D.C. under the "high seas" venue

statute, as well as established caselaw about affirmative acts of evasion. Moreover, the "high seas"

venue statute provides a solid basis for the venue of the false returns charges in this district, even

if venue might also be appropriate in another district. The law is clear that under the "high seas"

venue statute, potential alternate venue does not negate venue in this District.

### I.    BACKGROUND

Defendant began residing outside the United States in 2011. *See* Indictment, ECF No. 1 at

¶ 1. Prior to this his last known residence was in the District of Columbia. *Id.* In June 2016,

Defendant engaged an American tax preparer who resided and worked in Serbia to prepare his

2012 to 2015 tax returns. *Id.* at ¶ 12. As alleged in the indictment, between June and October 2016,

Defendant provided false information to his tax preparer, concealing approximately $1 million in

1

income across his 2012 and 2015 tax returns. *Id.* at ¶¶ 13-15. The return preparer sent the 2012 tax return to Defendant in the United Arab Emirates, and Defendant signed and mailed the tax return to the Internal Revenue Service ("IRS") service center in Austin, Texas.[1]  The 2013 through 2015 returns were electronically filed by the preparer in Serbia and were processed by the IRS in Austin, Texas. Defendant was outside the United States during the times when he provided false information and authorized the filing of tax returns he knew to be false. In February 2023, Defendant participated in a voluntary interview with law enforcement agents, including agents from IRS-Criminal Investigation ("IRS-CI"). Defendant made numerous false statements in the interview, including falsely claiming that certain money he received was not actually income to him. This interview took place in the District of Columbia.

In January 2023, the government informed Defendant's counsel that the IRS had referred criminal charges against his client and noted that it intended to present an indictment in the Western District of Texas (which includes Austin, Texas). *See* Def't Exhibit 2. In October 2023, the government told Defendant's counsel that "this criminal prosecution would [] likely be venued in the Western District of Texas" and asked whether Defendant would sign a venue waiver. *See* Def't Exhibit 1. Through counsel, Defendant said he would not. After these communications, the government reviewed the relevant case law and factual evidence—including evidence showing

---

[1] The IRS service center in Austin is where all U.S. taxpayers living abroad must file their federal returns, unless they are enclosing a check or money order, in which case they are supposed to send their tax returns to an IRS office in Charlotte, North Carolina instead. *See* https://www.irs.gov/individuals/international-taxpayers/us-citizens-and-resident-aliens-abroad. Processing codes on Defendant's 2013 to 2015 tax returns indicate that the returns were in fact processed through the Austin, Texas service center.

Defendant's statements about his income in the 2023 D.C. interview to be false—and determined that venue was also proper for all charges in the District of Columbia.

In December 2024, a District of Columbia grand jury handed down an indictment charging Defendant with four counts of tax evasion, in violation of 26 U.S.C. § 7201, four counts of filing false tax returns, in violation of 26 U.S.C. § 7206(1), and one count of making false statements, in violation of 18 U.S.C. § 1001.

## II.   APPLICABLE LAW

Where a defendant raises a venue objection through a pretrial motion, the government bears the burden of establishing by a preponderance of the evidence that venue is proper with respect to each count charged against the defendant. *See United States v. Morgan*, 393 F.3d 192, 195 (D.C. Cir. 2004).

For offenses begun in one district and completed in another, venue is proper in any district in which the offense was begun, continued, or completed. *See* 18 U.S.C. § 3237(a). The so-called "high seas" venue statute, 18 U.S.C. § 3238, establishes venue in the District of Columbia for any crime that was "begun or committed" outside of the United States, so long as (1) an indictment or information is filed in the District of Columbia before the defendant is "arrested" or "first brought" into any other judicial district; and (2) the defendant has no known or last known residence in the United States. Where the defendant's last residence in the United States is known, an indictment may be filed in that district for crimes falling under Section 3238's purview. Sections 3237 and 3238 are not mutually exclusive: "When an essentially foreign offense begins abroad and continues in the United States, these provisions overlap and may allow the government to lay venue in more than one district." *United States v. Jin*, No. 23-CR-091-2 (CKK), 2025 WL 2409749 at *16 (D.D.C. Aug. 19, 2025).

3

Tax evasion is a "continuing offense" within the meaning of 18 U.S.C. § 3237(a), with the result "that it may be prosecuted in any jurisdiction 'through which a process of wrongdoing moves.'" *See United States v. Han*, 280 F.Supp.3d 144, 149 (D.D.C. 2017) (citing *United States v. Johnson*, 323 U.S. 273, 276 (1944)). Tax evasion requires a willful affirmative act constituting an evasion or attempted evasion of a tax deficiency. *See Sansone v. United States*, 380 U.S. 343, 351 (1965). Therefore, venue for tax evasion is proper in any district in which any act in furtherance of the crime was committed. *See Han*, 280 F.Supp.3d at 149.

Filing a false return is also a "continuing offense" and venue is proper in any district in which the false return was prepared and signed, as well as the district in which it was received and filed. *See United States v. Slutsky*, 487 F.2d 832, 839 (2d Cir. 1973). Indeed, these are the essential conduct elements of the offense. *See United States v. Pace*, 314 F.3d 344, 352 (9th Cir. 2002) ("The act of making a tax return commences when one prepares and furnishes information material to the return and continues until that information is received by the IRS. For such continuing offenses, venue is proper in any district in which the continuing conduct has occurred.")

III.    ARGUMENT

A. Venue is proper for the tax evasion counts

Starting with the tax evasion counts, venue is proper in the District of Columbia on two alternative grounds. First, venue is properly in D.C. under the "high seas" venue statute. Defendant began and committed affirmative acts of evasion outside the United States – that is, he was in the United Arab Emirates when he provided false information to his tax preparer in Serbia. Where an offense started overseas and was subsequently partially committed in the United States the offense comes under the purview of Section 3238. *See, e.g., United States v. Rivera-Niebla*, 37 F. Supp. 3d 374, 380-81 (D.D.C. 2014); *United States v. Torres-Garcia*, 2007 WL 1207204, *7-8 (D.D.C.

4

April 24, 2007). Under Section 3238, an indictment could be brought in D.C., which is the district in which Defendant last resided.

Second, Defendant committed affirmative acts of evasion in D.C. when he made false statements about his taxable income to law enforcement agents from the IRS during a February 2023 interview. For tax evasion purposes, "*any conduct*, the likely effect of which would be to mislead *or to conceal*" constitutes an affirmative attempt to evade tax. *See Spies v. United States*, 317 U.S. 492, 499 (1943) (emphasis added). Here, the likely effect of Defendant's false statements to IRS agents about whether or not certain money he received was income was to mislead and conceal from the IRS the fact that he had failed to report approximately $1 million in income.

Defendant argues that the crime had been completed when he filed his tax returns, and that his false statements were not part of the same offense. In support of his proposition, Defendant cites to *United States v. Uscinski*, 369 F.3d 1243 (11th Cir. 2004), which itself cites to *Sansone v. United States*, 380 U.S. 343 (1965). In both cases, the courts state that the defendants' tax evasion was completed when a false tax return was filed.

Careful examination of the various elements is required to determine when a specific tax offense is completed, and it is not uniformly true that the crime of tax evasion must be complete when a false return is filed. For example, in *United States v. Thompson*, the defendant engaged in a multiple-year tax evasion scheme where the affirmative acts of evasion included the subsequent filing of a single false amended return intended to evade all years' taxes. 518 F.3d 832, 856-57 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 487 (2008). The court held that the crime was completed at the time the amended return was filed, not when the false original returns were filed. *Id.; see also United States v. Shorter*, 608 F.Supp. 871, 874 (D.D.C. 1985), *aff'd*, 809 F.2d 54 (D.C. Cir.

1987) (explaining that the statute of limitations period could be extended with proof of affirmative acts of evasion committed by the defendant related to taxes due in earlier years).

Therefore, the *Uscinski* and *Sansone* cases are distinguishable because the facts were unique and different. Here, Defendant acted affirmatively when he lied to law enforcement agents at the IRS about his income. As the grand jury found by a preponderance, and the government will prove at trial, Defendant's intent when lying to federal agents was to evade his taxes and the likely effect of these lies was to mislead the IRS and conceal the fact that he had received unreported income. So, because he committed affirmative acts of evasion in D.C. in February 2023, this forms an alternative basis for tax evasion, in addition to venue being proper under Section 3238.

### B. Venue is proper for the false tax return counts

Venue for the Section 7206(1) counts is also proper in the District of Columbia. This is because such a charge may be brought where the false return was prepared and signed, as well as the district in which it was received and filed. The false returns in question were prepared, signed, and filed abroad, in the United Arab Emirates and Serbia, and received in Austin, Texas.

On these facts, venue would be proper in *both* D.C. and the Western District of Texas. The law is clear that when venue could be brought in one district under Section 3238 and another through Section 3237(a), there is no issue with bringing the case in the former. To argue that Section 3238 does not allow venue in the district where Defendant last resided for an offense begun and committed outside the United States would contradict the plain text of that statute, as well as substantial case law finding that Section 3237 and 3238 are not mutually exclusive. *See, United States v. Jin*, 2025 WL 2409749 at *16 (citing *United States v. Rivera-Niebla*, 37 F.Supp.3d 374, 380 (D.D.C. 2014)).

6

Defendant argues that because returns were processed by the IRS through the Service Center in Austin, Texas, venue is only proper in the Western District of Texas. Def. Venue Mot. at 4-5.[2] But courts in this Circuit have rejected the argument that offenses partially committed in the United States (with proper venue in another federal district) do not come within Section 3238's purview. *See, e.g., Rivera-Niebla*, 37 F.Supp.3d at 380; *United States v. Reed*, No. 15-CR-188 (APM), 2017 WL 3208458 at *19 (D.D.C. July 27, 2017) ("Neither Section 3237(a) nor Section 3238 sets forth an exclusive means of establishing venue for an offense . . . that allegedly occurs abroad, in part."); *United States v. Torres-Garcia*, 2007 WL 1207204, *7-8 (D.D.C. April 24, 2007).[3]  In other words, the fact that there is a potential alternate venue in another federal district (here, the Western District of Texas) does not mean that venue is inappropriate here in the District of Columbia.

---

[2] Defendant also implies that venue must be improper because the government previously discussed signing a venue waiver. The government asking for a venue waiver, before it made a determination that the entire case could be brought in D.C. regardless, does not show that venue was only proper elsewhere. Indeed, there are many reasons the government might seek a venue waiver, including to avoid unnecessary pretrial litigation.

[3]  This argument has also been rejected by the U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, and Ninth Circuits. *See United States v. Miller*, 808 F.3d 607, 619-20 (2d Cir. 2015) ("we do not think that venue becomes improper under § 3238 simply because it might also have been properly laid elsewhere pursuant to § 3237(a)"); *United States v. Pendleton*, 658 F.3d 299, 302-05 (3d Cir. 2011) (holding that Section 3238 could apply even where part of the offense was committed in the United States, and that Section 3237 "does not include a mandatory venue provision"); *United States v. Pace*, 314 F.3d 344, 351 (9th Cir. 2002) (noting that Section 3238 could have applied to charges of filing false tax returns, in addition to Section 3237, if the offense had begun outside the United States); *United States v. Levy Auto Parts of Canada*, 787 F.2d 946, 950-953 (4th Cir. 1986); *United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979) ("The venue statutes are not mutually exclusive, and a suggestion that venue is proper under § 3237(a) will not serve to divest venue from another judicial district if venue is proper in that district under § 3238.").

## IV.    CONCLUSION

For the reasons set forth above, the motion to dismiss Counts 1-8 for lack of venue should be denied.

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By _____/s/_____
Sarah Ranney (NY Bar No. 5050919)
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
Office: (202) 252-4490

Ezra Spiro (NY Bar No. 5921838)
Trial Attorney
950 Pennsylvania Avenue NW
Washington, DC 20530
Office: (202) 718-7308

8