**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 1:24-cr-00566-CKK |
| RICHARD GRAHAM FOOTE O'DONOGHUE, | **Oral Argument Requested** |
| *Defendant.* | |

**GRAHAM O'DONOGHUE'S REPLY MEMORANDUM IN SUPPORT OF HIS**
**MOTION TO DISMISS COUNTS 1–8 OF THE INDICTMENT FOR LACK OF VENUE**

The government, recognizing that venue for the tax counts does not lie in the District of Columbia, previously asked Mr. O'Donoghue to "sign a venue waiver." Opp'n at 2. When he refused, the government nevertheless filed the tax counts in this District. The government's only arguments for why venue lies in this District are foreclosed by the Venue Clause of Article III of the United States Constitution, an unbroken line of Supreme Court decisions, and this Court's decision last year in *United States v. Jin*, 2025 WL 2409749 (D.D.C. Aug. 19, 2025) (Kollar-Kotelly, J.).

**I.      Counts 5–8.**

With respect to each of the false filing counts, the government concedes that (i) no conduct element occurred in the District of Columbia; (ii) the tax returns were received and processed in Austin, Texas; and (iii) venue, therefore, lies in the Western District of Texas. *See* Opp'n at 6. The government argues (incorrectly) that venue also lies in the District of Columbia pursuant to 18 U.S.C. § 3238, the so-called "high seas" venue statute, which is captioned "Offenses not committed in any district." *See* Opp'n at 6–7. Under Article III's Venue Clause, the trial on

Counts 5–8 must be held in Texas because the offenses alleged in those counts were committed in Texas and not in the District of Columbia.

Article III's Venue Clause provides that "[t]he Trial of all Crimes . . . ***shall be held in the State where the said Crimes shall have been committed***; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed." U.S. Const. art. III, § 2, cl. 3 (emphasis added). Because the offenses alleged in Counts 5–8 were committed in Texas, that is the end of the inquiry. The trial of those counts "shall be held in" Texas. *Id.* The second, unitalicized portion of the clause makes plain that Congress may specify venue by statute only when an offense is "not committed within any State." *Id*. This exception authorizes Congress to specify venue for federal offenses committed abroad or on the high seas. Pursuant to this exception, Congress passed the "high seas" venue statute, which provides that:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

18 U.S.C. § 3238.

The government's venue theory is that because the alleged false filing offenses "beg[a]n" abroad, O'Donoghue was indicted prior to his arrest in Massachusetts, and his last known residence was the District of Columbia, venue lies in the District of Columbia. *See* Opp'n at 4–6. Although the high seas venue statute may, consistent with Article III, supply venue for an offense "begun" abroad and completed on the high seas, the government's venue theory in this case is plainly unconstitutional because the alleged offense was completed in Texas. The Constitution limits venue to states in which an alleged crime was "***committed***." U.S. Const. art. III, § 2, cl. 3 (emphasis added). That is the foundation of all venue doctrine. The Constitution grants Congress

authority to specify venue only when an alleged offense was "***not committed within any State***." *Id.* (emphasis added). When an alleged offense ***was*** committed within any state—Texas in this case—Congress lacks authority to alter by statute this constitutionally-required venue.

Even under this Court's narrower reading of Article III in *Jin*, dismissal is required. "[T]his Court is of the opinion that Section 3238 may constitutionally be applied only to offenses for which the 'essential conduct elements' were completed outside the United States. If some of the essential conduct elements of an offense are completed in the United States, then the offense lies outside of Congress's constitutional authority to specify a venue other than the place where a charged crime was committed: the power to set venue for offenses 'not committed within any State.'" *Jin*, 2025 WL 2409749, at *21 (citation omitted). Accordingly, the Court dismissed money laundering counts for lack of venue and refused to apply the "high seas" venue statute because some of the conduct elements were completed in the United States—namely, the movement of unlawful funds through financial institutions headquartered in various states. *See id*. at *22. Counts 5–8 should be dismissed based on the same reasoning.

Remarkably, the government cites *Jin* as if that case somehow supports the government's position. *See* Opp'n at 3, 6 (citing *Jin* without acknowledging that it rejected the same argument the government is presenting here). Although the Court in *Jin* was willing to apply the "high seas" venue statute to separate conspiracy charges, it did so because the parties ***agreed*** that the essential conduct element of conspiracy is the formation of the agreement, which occurred outside of the United States. *See* 2025 WL 2409749, at *18.[1] Here, the ***opposite*** is true—the parties agree that

---

[1]     The government cites other cases applying the "high seas" venue statute to conspiracies formed outside of the United States (or other offenses where the conduct elements were completed outside of the United States). *See United States v. Rivera-Niebla*, 37 F. Supp. 3d 374, 381 (D.D.C. 2014) (conspiracy formed outside United States); *United States v. Torres-Garcia*, 2007 WL 1207204, at *7 (D.D.C. April 24, 2007) (conspiracy formed outside United States); *United States*

an essential conduct element occurred in Texas.  *See* Opp'n at 4 (conceding that "venue is proper in any district in which the false return was prepared and signed, as well as the district in which it was received and filed" because "these are the essential conduct elements of the offense").  Accordingly, the false filing counts should be dismissed for lack of venue in this District.

## II.    Counts 1–4.

The government also invokes the "high seas" venue statute to argue that although the alleged tax evasion offenses charged in Counts 1–4 were "partially committed in the United States," venue also lies in the District of Columbia.  Opp'n at 4.  This invocation cannot save Counts 1–4 for the same reason it could not save Counts 5–8.  With respect to each of those counts, the alleged offense was committed in Austin, Texas where the allegedly false returns were received and processed.

The government also argues that venue should lie in the District of Columbia because, more than six years after the challenged tax filings in this case, O'Donoghue allegedly made false statements to criminal investigators during an interview held in the District of Columbia.  *See* Opp'n at 5.  Mr. O'Donoghue addressed and refuted that argument in his opening brief.  *See* Mot. Dismiss at 5–8.  An unbroken line of Supreme Court cases, beginning with *Grunewald v. United States*, 353 U.S. 391 (1957), state that the offense of tax evasion is complete upon filing of the allegedly fraudulent return.  *See* Mot. Dismiss at 5–6 (citing cases).  Alleged false statements made to criminal investigators more than six years after the tax returns were filed and the alleged evasion

---

*v. Miller*, 808 F.3d 607, 620 (2d Cir. 2015) ("[T]he offense conduct occurred 'in its essence,' and the crime was committed and complete, when the child was removed to a jurisdiction outside a state or district."); *United States v. Pendleton*, 658 F.3d 299, 304–05 (3d Cir. 2011) (offense of engaging in illicit sexual conduct in foreign place was completed outside United States "where the illicit sex occur[ed]"); *United States v. Levy Auto Parts*, 787 F.2d 946, 947 (4th Cir. 1986) ("foreign conspiracy"); *United States v. Williams*, 589 F.2d 210, 212 (5th Cir. 1979) (conspiracy formed outside United States).

was completed cannot, as a matter of law, constitute acts of a long-since-completed evasion offense. This is particularly true because the statute of limitations for tax evasion is only six years. *See* 26 U.S.C. § 6531.

The government's opposition does not even mention *Grunewald*, a case which is fatal to its position. The Supreme Court held that the tax evasion was complete and the six-year statute of limitations began to run when the tax return "pertaining to the year 1946, was filed by the taxpayers." *Grunewald*, 353 U.S. at 406 n.19. In that case, the government alleged later-occurring false testimony and obstruction during the criminal tax investigation just like the indictment alleges here. Under *Grunewald*, such later-occurring acts are not part of the underlying tax evasion. The government's opposition also glosses over *United States v. Uscinski*, 369 F.3d 1243 (11th Cir. 2004) (per curiam), asserting without elaboration that the facts in that case were "unique and different." Opp'n at 6. To the contrary, the facts in *Uscinski* mirror the relevant facts in *Grunewald* and the present case: the filing of allegedly false returns followed later by allegedly false statements and obstruction. On those facts, the Eleventh Circuit concluded that, "[b]ecause [the defendant's] tax evasion was complete upon the filing of his tax return, his false statements to the government were not a continuation of his crime." *Uscinski*, 369 F.3d at 1247. Likewise, the alleged false statements in the present case were not (and could not have been as a matter of law under the precedent discussed above) part of the underlying alleged tax evasion. They cannot, therefore, create venue in this District for Counts 1–4.[2]

---

[2]    The government cites *United States v. Thompson*, 518 F.3d 832 (10th Cir. 2008), for the proposition that "it is not uniformly true that the crime of tax evasion must be complete when a false return is filed." Opp'n at 5. But *Thompson* does not address *Grunewald* or the other Supreme Court cases stating that tax evasion is complete upon filing. And the post-filing affirmative act of evasion identified by the court in *Thompson* was another tax return filing—"the filing of . . . false amended corporate income tax returns" that covered the same transactions as the earlier personal

**CONCLUSION**

For the reasons set forth above and in the opening brief, Counts 1–8 should be dismissed

for lack of venue.

Dated: June 4, 2026

Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

/s/ Tobin J. Romero
Tobin J. Romero
(DC Bar No. 461273)
Simon A. Latcovich
(DC Bar No. 980319)
Avery N. Wentworth
(DC Bar No. 1781677)
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000
Email: TRomero@wc.com
Email: SLatcovich@wc.com
Email: AWentworth@wc.com

*Counsel for Graham O'Donoghue*

---

return—not an alleged false statement to criminal investigators made six years after the allegedly false returns had been filed.  *Thompson*, 518 F.3d at 856.

6