**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 24-CR-566 (CKK)** |
| **v.** | : | |
| | : | |
| **RICHARD GRAHAM FOOTE** | : | |
| **O'DONOGHUE (also known as** | : | |
| **GRAHAM O'DONOGHUE),** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' SUR-REPLY**
**OPPOSING DISMISSAL FOR LACK OF VENUE**

The United States, by and through the undersigned attorneys, makes this filing to address issues raised for the first time in Defendant's reply. Defendant moved to dismiss counts 1-8 of the Indictment for lack of venue. ECF No. 79. The government opposed. ECF No. 89. Defendant filed a reply, which raised new legal arguments (including arguments about 18 U.S.C. § 3238 not included in the opening brief). ECF 95. To address these arguments, and to avoid placing this Court in the position of reviewing novel assertions and arguments without the benefit of the government's response, the government requested permission to file this sur-reply.

Defendant's briefing in support of his motion to dismiss Counts 1-8 presents an inaccurate picture of the law. In short, Defendant argues that this Court may not consider an act of evasion committed in this District to venue the tax evasion counts here. Defendant further argues that the "high seas" venue statute, 18 U.S.C. § 3238, does not apply to the making and subscribing false returns counts because the tax returns were ultimately filed in another District.

However, well-settled law supports venue in this District under 18 U.S.C. § 3237 (and in the alternative, under 18 U.S.C. § 3238) for Defendant having attempted to evade and defeat a tax,

1

in violation of 26 U.S.C. § 7201 (Counts 1-4); and under 18 U.S.C. § 3238 for having made and subscribed false tax returns, in violation of 26 U.S.C. § 7206(1) (Counts 4-8). Defendant's motion to dismiss for lack of venue should therefore be denied.

## I.    VENUE FOR ATTEMPT TO EVADE OR DEFEAT A TAX (26 U.S.C. § 7201)

### A.    Venue is proper in this district under 18 U.S.C. § 3237

Pursuant to federal statute, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). It is well-settled law that for tax evasion, venue is proper in any district in which any act in furtherance of the crime was committed. *See United States v. Han*, 280 F. Supp.3d 144, 149 (D.D.C. 2017); *United States v. Root*, 585 F.3d 145, 156 (3d Cir. 2009).

Here, the Indictment charges that an affirmative act of evasion for each of the tax evasion counts (Defendant's false statements at the proffer) happened in the District of Columbia. ECF No. 1 ¶¶ 16, 22(d). Making false statements to IRS agents is a classic act of evasion. *See, e.g.*, *United States v. Beacon Brass Co.*, 344 U.S. 43, 45-46 (1952) (tax evasion may be proven by evidence of "false statements made to Treasury representatives for the purpose of concealing unreported income"); *United States v. Hesser*, 800 F.3d 1310, 1324 (11th Cir. 2015) (concluding that false return defendant filed "just days after receiving notice of an impending enforcement action against him" was "evidence of an affirmative act of tax evasion").

The law is clear, moreover, that affirmative acts of evasion may extend well beyond filing false returns. *See Spies v. United States*, 317 U.S. 492, 499 (1943) ("any conduct, the likely effect of which would be to mislead or to conceal" constitutes an affirmative attempt to evade tax); 26

2

U.S.C. § 7201 ("Any person who willfully attempts *in any manner* to evade or defeat any tax[.]") (emphasis added). Because Defendant committed an affirmative act in this District (his false statements at the 2023 proffer), venue is proper in this District. *See* 18 U.S.C. 3237(a).

Nevertheless, in an effort to have the tax evasion counts dismissed for lack of venue, Defendant argues that the act of tax evasion that occurred in this District should not be considered by this Court by conflating venue with caselaw governing the statute of limitations. Specifically, Defendant contends in his reply that there is an "unbroken line of Supreme Court decisions"— primarily, *Grunewald v. United States*, 353 U.S. 391 (1957)—stating that when a return is filed, the crime of tax evasion is "complete."[1]

However, *Grunewald* addressed whether a conspiracy offense was committed within the statute of limitations—not venue, which has a different set of rules. *See United States v. Tannenbaum*, 934 F.2d 8, 13 (2d Cir. 1991) ("Rules governing venue and limitations serve distinct purposes."); *United States v. Canal Barge Co., Inc.*, 631 F.3d 347, 353 (6th Cir. 2011).

Defendant also relies on *United States v. Uscinski*, 369 F.3d 1243 (11th Cir. 2004), in which Court considered whether an obstruction enhancement at sentencing applied and remarked that the crime of tax evasion was complete upon filing. The Court's analysis, however, was neither in the context of nor analogous to the rules that govern venue (or even the statute of limitations).

---

1 Defendant's reply offers an inaccurate interpretation of what it means for a crime to be "complete." To say a crime is "complete" simply means that the crime may be prosecuted because the elements have been met, not whether later acts may also be part of the ongoing offense. *See United States v. Craig*, 401 F.Supp.3d 49, 74 (D.D.C. 2019); *Bramblett v. United States*, 231 F.2d 489 (D.C. Cir. 1956). Defendant is correct that he could have been charged as soon as he authorized the filing of false tax returns. But this does not mean that he could not have committed, and been charged for, further affirmative acts of evasion subsequent to his initial act. *See United States v. Orrock*, 23 F.4th 1203, 1207 (9th Cir. 2022) ("under § 7201, the government may prosecute a defendant for any acts furthering the evasion of taxes, even after all the elements of a § 7201 offense have first been met.").

Given that the cases on which Defendant relies are inapposite, the Court should find that the act of evasion that occurred in this District (the false statements) must be considered for purposes of venue under 18 U.S.C. § 3237.[2]

### B.  In the alternative, venue lies under 18 U.S.C. § 3238

Even if this Court finds that the act of evasion in this District (the false statements) does properly venue the counts, 18 U.S.C. § 3238 provides an alternate basis for venue in this District. Other than Defendant's false statements, all of the charged acts of evasion were completed outside the United States. *See United States v. Jin*, 2025 WL 2409749, at *21 (D.D.C. Aug. 19, 2025) (Kollar-Kotelly, J.) ("[T]his Court is of the opinion that Section 3238 may constitutionally be applied only to offenses for which the 'essential conduct elements' were completed outside the United States.").[3]

---

2 Even applying statute of limitations cases in the context of venue analysis, Defendant's read of the law is incorrect. Circuit courts have uniformly adopted the "last-act" rule for calculating the limitations period for Section 7201 offenses, meaning the statute of limitations begins to run when defendant commits the *last act* of evasion. *See, e.g.*, *United States v. Anderson*, 319 F.3d 1218, 1219 (10th Cir. 2003) ("when a defendant commits a series of evasive acts over several years after incurring a tax liability, the statute of limitations begins to run on the date of the last evasive act"); *United States v. Dandy*, 998 F.2d 1344, 1355 (6th Cir. 1993) (statute of limitations began to run when "the last affirmative act of evasion occurred," not earlier when false tax returns were filed); *United States v. Perry*, 714 F.3d 573 573-74 & n.2 (8th Cir. 2013) (recognizing that evasion charge could be based on affirmative acts that occurred after the filing of false tax returns); *see also United States v. Craig*, 401 F.Supp.3d 49, 74 (D.D.C. 2019) (rejecting the notion that the charged false statement scheme was "complete" upon defendant's making the initial false statement and concluding that the statute of limitations began to run after defendant's last act in furtherance of the scheme); *Bramblett v. United States*, 231 F.2d 489 (D.C. Cir. 1956) (same). The "last act" here was Defendant's false statements at the 2023 proffer in this District.

3 Other than his statements at the 2023 proffer, the affirmative acts of evasion Defendant took were using corporate funds for personal use, *id.* ¶ 22(a); providing and causing to be provided false information to his tax preparer, *id.* ¶ 22(b); and then causing the preparation of false returns, signing them, and attempting to file them, *id.* ¶ 22(c). Defendant does not dispute that the acts of evasion involving use of corporate funds and providing false information to his tax preparer were completed outside the United States. However, Defendant's filings contend that the latter act of evasion involving the filed tax return occurred in the United States, and that the crime was committed in Texas. ECF No. 79 at 5 (describing the third alleged act of evasion as "filing allegedly false tax returns with the IRS (in Texas)." ECF No. 79 at 5; *see also* ECF 95 at 4 (asserting that "with respect to each of [tax evasion counts], the alleged offense was committed in Austin, Texas"). However, the Indictment alleges Defendant committed an act of evasion by "preparing and causing to be prepared, and signing and causing to be signed, attempting to file, and causing to be filed with the IRS, a [false tax returns]"—all of which was completed outside the United States. ECF No. 1 ¶ 22(c).

Moreover, the "essential conduct element" of tax evasion was Defendant completing any of these acts abroad with the intent to mislead and conceal. *Han*, 280 F. Supp.3d at 149 (focusing on defendant's conduct in having taken affirmative acts with the intent to mislead and conceal and concluding the affirmative acts themselves were the "essential conduct elements" of the offense).

## II.    VENUE FOR MAKING AND SUBSCRIBING A FALSE RETURN (26 U.S.C. § 7206(1))

Defendant also argues that the high seas venue statute cannot apply for Counts 5-8 because some of the "essential conduct elements" of the offense were completed in the United States. Defendant is incorrect. The Court's analysis in *United States v. Jin* is instructive. No. 23-cr-91-2-CKK, 2025 WL 2409749 (D.D.C. Aug. 19, 2025).

In *Jin*, the Court analyzed whether the essential conduct element of money laundering offenses had occurred in the United States and concluded that the essential conduct element involved the "transporting, transmitting, or transferring" of funds. *Id.* Because the funds in question had been transported, transmitted, or transferred *within* the United States, Section 3238 could not supply a basis for venue. But Section 3238 did apply for the conspiracy charges, because the essential conduct was the forming of the agreement, which took place overseas. *Id.* at *18. This was still true, even though subsequent overt acts were also committed within the United States. *Id.* at *19. The Court firmly rejected the argument that Section 3237 and 3238 are mutually exclusive. *Id.* at *16; *see also* ECF No. 89 at 7 & n.3.

The conduct prohibited by Section 7206(1)—to "willfully make and subscribe" a false tax return—is akin to the conspiracy charges in *Jin*. Defendant made and subscribed the false returns in question outside the United States. Although venue under Section 3237 may also be proper in the district where a return was received by the IRS, this is akin to the *Jin* conspiracy's overt acts.

Furthermore, the "essential conduct element" for this offense is the *making and subscribing of the false return*, not the IRS' act of receiving it. *See United States v. Rodriguez-Moreno*, 526 U.S. 275, 280-81 (1999) (explaining that to determine which elements of an offense are "essential conduct elements," courts should consider the "verbs of the statute").[4]

As a practical matter, defendants who electronically file tax returns may be unaware where the IRS will ultimately process them. It cannot be the case that the Constitution requires that Americans who file false tax returns while abroad face charges only in the district the agency chooses to process electronically filed returns, regardless of where that may be.

### III.    CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss counts 1-8 of the Indictment for lack of venue should be denied.

> JEANINE FERRIS PIRRO
> UNITED STATES ATTORNEY
>
> By    _____/s/_____
> Sarah Ranney (NY Bar No. 5050919)
> Assistant United States Attorney
> 601 D Street NW
> Washington, DC 20530
> Office: (202) 252-4490
>
> Ezra Spiro (NY Bar No. 5921838)
> Trial Attorney
> DOJ Criminal Division
> 950 Pennsylvania Avenue NW
> Washington, DC 20530
> Office: (202) 718-7308

---

4 For 2012 (Count 5), Defendant was outside the country when he provided false information to Tax Preparer-1 and cause preparation of the false return, when he signed the hard copy return, and when he caused it to be mailed to the IRS. For 2013, 2014, and 2015 (Counts 6-8), Defendant was outside the country when he supplied false information to Tax Preparer-1 causing the preparation of the false return, when he signed the Form 8879 authorizing electronic signature for submission of the false tax returns, and when he caused Tax Preparer-1 to electronically submit the false tax returns to the IRS. Then Tax Preparer-1 was outside the country when he submitted the returns electronically. Accordingly, the Indictment alleges that the conduct for the 7206(1) counts occurred in "Dubai, United Arab Emirates and elsewhere." *See* ECF No. 1 paragraph 24.